Anita M. IBARRA, Appellant,

v.

The STATE of Texas, Appellee.

No. 36650.

Court of Criminal Appeals of Texas.

March 4, 1964.

No attorney of record on appeal for appellant.

James E. Barlow, Dist. Atty., Raymond A. Wietzel, Asst. Dist. Atty., San Angelo, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for assault with intent to murder; the punishment, 3 years.

The appellant and the injured party are cousins, their mothers being sisters. The injured party resided with his children and his mother on a chicken farm enclosed by a fence six feet high with a ten foot gate across the driveway by the residence. About 9 p. m., the appellant, her son, and her mother entered the driveway in a car, and when the injured party went to the car, the appellant cursed him saying "I came to see you * * * because you don't go see us." He asked appellant not to curse at his home in front of his daughters. When she continued cursing, he told her if she cursed him anymore he would whip her. When she failed to observe the warning he grabbed her by the arm, and as he pulled her from the car her mother said " * * * don't hit her; she's drunk." As the injured party was putting appellant back in the car, she kicked him in the abdomen, and he said to her mother: "Please get her out of there," and appellant drove away.

At approximately 11 p. m., they returned and parked by the gate. Appellant's mother called out: "We want to talk to you (the injured party)." As the injured party stood near the car, he and appellant's mother exchanged apologies. Suddenly, the appellant opened the car door and drew a pistol. When the injured party told appellant to put the pistol away, she replied: "You think you are too good," and she began shooting the pistol. Out of about five shots, one bullet hit the injured party in the lower part of the right hip and lodged in the front part of his stomach. Then the appellant, her son, and her mother drove away. Immediately, the injured party was taken to the hospital, where the bullet was removed, and he remained there approximately five days.

The evidence offered by appellant reflects that when the injured party came from the house after the appellant, her son, and her mother had driven their car into the driveway, he was angry and complained about their coming into the driveway, which he said he did not permit. Appellant cursed him but said it was in a teasing manner, and told him they had come to see her mother's sister. He said he did not want her to curse him, pulled her out of the car by her hair and beat her severely about the face and head, then put her back in the car, and slammed the door on her ankle. She then left with her son and her mother. Later, her mother decided to go back to see her sister. Her mother went to the gate and called, whereupon the injured party came out of his house and said his mother was not there. At this time the appellant said: "Mother come on back; let's go." Then the injured party said: "Here you come again, G—— d—— you. I told you to keep away

from here; I am going to shoot you this time." He called his son, asked for his rifle, and went to the trunk of his car which was parked nearby. When the injured party took something out of the car, she began shooting her pistol because she was afraid he would hurt her, her son, or her mother. Appellant testified that he had something in his hands but she did not know what kind of weapon it was, but she heard gun shots as they drove away; and that at such time she did not know that she had shot him.

The record contains no formal bills of exception, no requested charges, and no objections to the court's charge. The informal bills have been considered and they do not show error.

The jury accepted the state's version of the incident, rejected that of appellant, and we find the evidence sufficient to support their verdict.

The judgment is affirmed.

Opinion approved by the Court.